UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JENNIFER EASTER and B.E.,[1]

                             **Plaintiffs,**

v.                                                      5:14-CV-1403 (BKS/TWD)

**CAYUGA MEDICAL CENTER AT ITHACA PREPAID
HEALTH PLAN, CAYUGA MEDICAL CENTER AT
ITHACA, and EXCELLUS HEALTH PLAN, INC., d/b/a
EXCELLUS BLUECROSS BLUESHIELD,**

                              **Defendants.**
_____

**APPEARANCES:**

For Plaintiffs:
**Carla N. McKain, Esq.**
McKain Law, PLLC
136 E. State St.
Ithaca, NY 14850

**Oliver N. Blaise, Esq.**
Coughlin & Gerhart, LLP
99 Corporate Drive
Binghamton, NY 13904

For Defendants Cayuga Medical Center at Ithaca Prepaid
Health Plan, Inc. and Cayuga Medical Center at Ithaca:
**Emily D. Crowley, Esq.**
**Philip G. Spellane, Esq.**
Harris Beach PLLC
99 Garnsey Road
Pittsford, NY 14534

For Defendant Excellus Health Plan, Inc.:
**James P. Wright, Jr., Esq.**
Bond, Schoeneck & King, PLLC
One Lincoln Center
Syracuse, NY 13202

---

[1] The Court directs the Clerk of Court to amend the caption to reflect the fact that B.E. is no longer a minor. The Court grants Plaintiff's unopposed letter motion (Dkt. No. 92) to permit B.E. to be allowed to continue to use a pseudonym, for the reasons set forth in the letter motion.

1

**Hon. Brenda K. Sannes, United States District Court Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

Plaintiff Jennifer Easter filed this action on behalf of her son B.E., then a minor, under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") against her employer Cayuga Medical Center at Ithaca ("CMC"), its employee health plan ("Plan"),[2] and the third-party claims administrator Excellus Health Plan, Inc. ("Excellus"). (Dkt. No. 27, p. 1). Plaintiffs alleged, *inter alia*, that they were entitled to plan benefits covering B.E.'s medical treatments. (*Id.*). At summary judgment, the Court found that CMC had failed to provide requested plan documents in violation of ERISA § 502(a)(1)(A). *Easter v. Cayuga Med. Ctr. at Ithaca Prepaid Health Plan*, 217 F. Supp. 3d 608, 642 (N.D.N.Y. 2016). The Court remanded determination of Plaintiffs' claims for benefits to Defendants for reevaluation in accordance with ERISA and the Plan's governing documents. *Id.* at 633–35. Then, on May 1, 2017, the Court held a bench trial to determine damages for CMC's violation under § 502(a)(1)(A) and awarded a penalty of $47,460. (Dkt. No. 82).

Plaintiffs now move for attorneys' fees and litigation costs. (Dkt. No. 81). For the reasons stated below, that motion is granted.

**II.     DISCUSSION**

ERISA provides that "[i]n any action under this title . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). A party seeking an award of fees under this provision "must show 'some degree of success on the merits.'" *Hardt v. Reliance Std. Life. Ins. Co.*, 560 U.S. 242, 255 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). "A

---

[2] Collectively, this Opinion refers to CMC and the Plan as the "CMC Defendants."

claimant does not satisfy that requirement by achieving trivial success on the merits or a purely procedural victory, but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question [of] whether a particular party's success was substantial or occurred on a central issue." *Id.* (quotation and alteration marks omitted).

The Second Circuit has held that "whether a plaintiff has obtained some degree of success on the merits is the sole factor that a court *must* consider in exercising its discretion" to award attorneys' fees. *Donachie v. Liberty Life Assur. Co.*, 745 F.3d 41, 46 (2d Cir. 2014).[3] "Once a court determines that a party is entitled to attorneys' fees, it must determine whether the requested amount is reasonable." *Wallace v. Group Long Term Disability Plan for Employees of TDAmeritrade Holding Corp.*, No. 13 Civ. 6759 (LGS), 2015 WL 4750763, at *5, 2015 U.S. Dist. LEXIS 105390, at *14 (S.D.N.Y. Aug. 11, 2015). To this end, courts "must calculate the 'presumptively reasonable fee.'" *Id.* (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189–90 (2d Cir. 2008)). In the Second Circuit, this determination is "reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011). "'In determining what fee is reasonable, the court takes account of claimed hours that it views as excessive, redundant, or otherwise unnecessary' and

---

[3] Courts may, however, also consider the "*Chambless* factors:"
> (1) the degree of opposing parties' culpability or bad faith; (2) ability of opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Donachie v. Liberty Life Assur. Co.*, 745 F.3d 41, 46 (2d Cir. 2014) (quoting *Hardt*, 560 U.S. at 249 n.1); *see Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987). Here, the Court finds that attorneys' fees are appropriate without need to consider these additional factors.

'may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.'" *Wallace*, 2015 WL 4750763, at *5, 2015 U.S. Dist. LEXIS 105390, at *14–15 (quoting *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009)).

### A. Degree of Success on the Merits

#### 1. As against the CMC Defendants

At summary judgment, the Court remanded to Defendants the adjudication of Plaintiffs' claims for benefits and found that Defendant CMC had breached its duty to provide plan documents upon Plaintiffs' request. *Easter*, 217 F. Supp. 3d at 633–35, 639–42. At the subsequent bench trial, the Court assessed a penalty of $47,460 against Defendant CMC, payable to Plaintiff Jennifer Easter, as a result of that breach. (Dkt. No. 82). The CMC Defendants "do not dispute . . . that Plaintiff achieved some degree of success on her claim under ERISA § 502(a)(1)(A) for failure to supply requested information." (Dkt. No. 90, p. 7). However, they argue that Plaintiffs achieved only "limited success on [their] claims" because several of them were dismissed, and that the remand does not constitute a degree of success on the merits. (*Id.* at pp. 7–8).

As the Southern District recently noted, "[c]ourts in the Second Circuit have awarded fees to prevailing plaintiffs in ERISA actions based solely on achieving a remand for further consideration by the administrative body."[4] *Dimopoulou v. First Unum Life Ins. Co.*, No. 1:13-CV-7159 (ALC), 2017 WL 464430, at *1, 2017 U.S. Dist. LEXIS 15944, at *3 (S.D.N.Y. Feb. 3, 2017) (citing cases); *see also Dwinnell v. Federal Express Long Term Disability Plan*, No. 3:14-

---

[4] Defendants' attempt to distinguish *Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242 (2010) is unavailing in the face of this body of caselaw, particularly because the Supreme Court explicitly avoided deciding "whether a remand order, without more, constitutes 'some success on the merits' sufficient to make a party eligible for attorneys' fees." *Id.* at 256.

4

cv-01439 (JAM), 2017 WL 1371254 at *1–2, 2017 U.S. Dist. LEXIS 57828, at *1–4 (D. Conn. Apr. 14, 2017).  Thus, contrary to the CMC Defendants' arguments, a remand may constitute a degree of success on the merits.  Additionally, though the Court dismissed at summary judgment certain claims that Plaintiffs had asserted against the CMC Defendants, those claims pertained to the same set of facts and were related to legal theories and arguments made in support of surviving claims.  In cases like this—"those involving a common core of facts or related legal theories—. . . [the] lawsuit cannot be viewed as a series of discrete claims[;] [i]nstead, the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *L.I. Head Start Child Development Servs., Inc. v. Economic Opportunity Com'n of Nassau County, Inc.*, 865 F. Supp. 2d 284, 295 (E.D.N.Y. 2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435–36 (1983)).  Viewing the litigation as a whole and considering the remand to all Defendants, Defendant CMC's breach of its duty to provide plan documents, and the assessment of monetary penalties against Defendant CMC, the Court finds that Plaintiffs achieved a degree of success on the merits.

### 2. As against Excellus

Though the Court found at summary judgment that Plaintiffs were not entitled to a monetary judgment against Defendant Excellus, the Court ordered Excellus to participate in the remanded adjudication of Plaintiffs' claims for benefits on remand.  *Easter*, 217 F. Supp. 3d at 631, 633–35.  The Court also found that (1) Excellus' failure to issue a decision or provide information about the appeals process "delayed final adjudication of Plaintiffs' claims and prevented further development of the administrative record;" (2) "Excellus failed to abide by ERISA claims procedures and the requirements of the Plan through its communicative failures and otherwise deficient conduct;" and (3) "Excellus' inconsistencies and failures to respond . . .

5

are significant procedural deficiencies that caused legitimate harm to Plaintiffs." *Id.* at 625–26, 629–30, 639. Excellus now argues that the remand does not constitute a degree of success on the merits and that attorneys' fees under ERISA are not recoverable against a claims administrator such as Excellus. (Dkt. No. 87, pp. 5–7).

Excellus' first argument falls flat because, as noted above, courts within this circuit have repeatedly found that remand for adjudication of benefits constitutes success on the merits, and the Court's ruling against Excellus in this case is sufficient to constitute some success on the merits for Plaintiffs.[5] Excellus' second argument also fails. Excellus notes that "in *Delprado v. Sedgwick Claims Management Services, Inc.*, this Court held that the defendant claims administrator was not a proper party to the plaintiff's ERISA claims and therefore was not subject to an attorneys' fees award." (Dkt. No. 87, pp. 7–8); No. 1:12-CV-0673, 2015 WL 1780883, at *38, 2015 U.S. Dist. LEXIS 51263, at * 104–06 (N.D.N.Y. Apr. 20, 2015). In *Delprado*, however, the Court found that the defendant claims administrator was not a proper party under any of the plaintiff's remaining claims. *Id.* Conversely, here the Court found that Excellus was a proper party under ERISA § 502(a)(3) and that—in violation of that provision—Excellus "failed to abide by ERISA claims procedures and the requirements of the Plan through its communicative failures and otherwise deficient conduct." *Easter*, 217 F. Supp. 3d at 639. As a result, the Court awarded injunctive relief against Excellus and ordered it to participate in the remanded adjudication of Plaintiffs' benefits claims. *Id.* This Court in *Delprado* stated that "it would be illogical to allow recovery for attorneys' fees against an entity that is not liable for recovery of benefits under ERISA, and therefore, not a proper party;" however, it is incorrect to

---

[5] Though Excellus argues that it (rather than Plaintiffs) raised the possibility of remand, that fact is unavailing. Excellus fails to cite caselaw supporting this proposition. Additionally, the Second Circuit has noted that "a party may prevail only partially on its claims and yet be eligible for fees." *Scarangella v. Group Health, Inc.*, 731 F.3d 146, 152 (2d Cir. 2013). Regardless of which party proposes the remedy, it still represents a degree of success on the merits.

6

consider the first half of the statement without the second. Though both here and in *Delprado* the relevant defendant is not liable for recovery of benefits under ERISA, in this case, Excellus is not only a proper party, but it is a party against whom Plaintiffs obtained relief. Thus, Plaintiffs have achieved a degree of success on the merits as against Excellus and attorneys' fees are appropriate.

### B. Fees

Having determined that Plaintiffs achieved a degree of success on the merits as against all Defendants, the Court must determine the appropriate amount of fees. The first task, as noted above, is to calculate the "presumptively reasonable fee" "by multiplying a reasonable hourly rate by the number of reasonably expended hours." Then the Court will determine how to apportion fees between the parties.

#### 1. Hourly Rate

A "reasonable hourly rate" is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Assoc.*, 522 F.3d at 190. The Second Circuit has held that in calculating the presumptively reasonable fee, "courts should generally use the hourly rates employed in the district in which the reviewing court sits." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (citations and internal quotation marks omitted).

Here, Plaintiffs' attorney McKain's hourly billing rate was $245 in 2014, $255 in 2016, and $265 in 2017, and attorney Blaise's hourly billing rate was $250, $265, and $275 respectively. (Dkt. No. 81-1, p. 18). McKain's paralegal billed at $125–135 per hour. (*Id.* at p. 23). Both attorneys have substantial, relevant experience: McKain has worked in ERISA litigation and counseling throughout her career and has presented courses on ERISA for attorneys in the Broome and Tompkins County Bar Associations. *See generally* (Dkt. No. 81-2).

Blaise has "extensive experience with all levels of civil litigation" and is the former Chair of his firm's Litigation Practice Group. *See generally* (Dkt. No. 81-3).

Neither the CMC Defendants nor Excellus dispute the reasonableness of the attorneys' billing rates. *See generally* (Dkt. Nos. 87, 90). The rates are within the range of those employed in this district, *see, e.g.*, *Eng'rs Joint Welfare Fund v. C. Destro Dev. Co.*, 178 F. Supp. 3d 27, 35–36 (N.D.N.Y. 2016) and are reasonable in light of counsel's experience; therefore, the Court accepts those rates. The CMC Defendants argue, however, that McKain's paralegal's rate should be reduced to $80/hour. (Dkt. No. 90, p. 12). Recent cases in this district have accepted hourly rates between $80/hour and $90/hour for paralegals, though higher awards have been permitted. *See, e.g.*, *id.* at 36. In light of the paralegal's experience and the nature of the work she performed, the Court will reduce the paralegal rate to $90/hour.

### 2. Hours Billed

"The fee applicant also bears the burden of documenting the hours spent by counsel, and the reasonableness thereof." *Stevens v. Rite Aid Corp.*, No. 13 Civ. 783, 2016 WL 6652774, at *4, 2016 U.S. Dist. LEXIS 159468, at *9 (N.D.N.Y. July 6, 2016). The fee applicant must provide contemporaneous time records, but "[s]o long as an attorney 'made contemporaneous entries as the work was completed, and that billing was based on these contemporaneous records,'" the standard is satisfied. *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 149 (2d Cir. 2014) (quoting *Cruz v. Local Union No. 3, Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994) (alteration omitted)). "In determining a reasonable fee, the district court should exclude . . . hours that were not reasonably expended, including hours that are excessive, redundant, or otherwise unnecessary." *Osterweil v. Bartlett*, 92 F. Supp. 3d 14, 28 (N.D.N.Y. 2015) (citing *Hensley*, 461 U.S. at 434). Similarly, courts in this circuit reduce fee awards based

on impermissibly vague time entries. *Id.* at 30. Furthermore, it is within the Court's discretion to award attorneys' fees for counsel's work on the instant motion, and it will do so here. *See United States ex rel. Tommasino v. Guida*, No. 10-CV-4644 (JFB) (AKT), 2017 WL 878587, at *9, 2017 U.S. Dist. LEXIS 31402, at *26 (E.D.N.Y. Mar. 6, 2017) (citing *Wilder v. Bernstein*, 975 F. Supp. 276, 283 (S.D.N.Y. 1997)).

Plaintiffs have submitted counsel's time records for this matter. (Dkt. Nos. 81-2; 81-3). In response, Defendants argue that the number of hours should be limited for several reasons.[6] Excellus argues that "a large amount of legal time was incurred on services having nothing to do with Excellus," particularly the claim based upon failure to supply Plan information which went to bench trial and a discovery dispute between Plaintiffs and the CMC Defendants. (Dkt. No. 87, p. 9). Excellus also argues that "courts in this circuit regularly reduce attorneys' fees by 50% for travel time" and that the Court should do so in this instance. (*Id.* at p. 11). Additionally, the CMC Defendants argue that the Court should reduce vague, excessive, and redundant time entries, particularly entries that "refer only to 'legal research,'" and "redundant" entries for preparation for mediation and drafting witness outlines. (Dkt. No. 90, pp. 11–12). The CMC Defendants "concede that after an appropriate reduction of [] time based upon the reasonableness of the time incurred, the reduction in redundant and vague entries, and the reduction in paralegal's rates, [time related to the trial] should not be allocated to Excellus." (*Id.* at p. 10). Defendants have also submitted edited versions of the time records that Plaintiffs provided, which show entries that Defendants believe should be reduced or eliminated. (Dkt. Nos. 87-2; 87-3; 90-1).

---

[6] To the extent Defendants argue that the Court should apply the "billing judgment rule" to limit attorneys' fees to an amount proportionate to the plaintiff's recovery, courts within the Second Circuit have repeatedly rejected application of that rule to fee-shifting statutes. *See, e.g.*, *Millea v. Metro-North R.R.*, 658 F.3d 154, 169 (2d Cir. 2011); *Douyon v. NY Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 340 (E.D.N.Y. 2014); *Fairbough v. Life Ins. Co. of N. Am.*, 872 F. Supp. 2d 174, 191 (D. Conn. 2012).

9

As an initial matter, the Court finds that the billing records are sufficient under the contemporaneous records requirement. Courts within the Second Circuit permit attorneys to submit reconstructions or summaries of contemporaneous records to meet this standard. *See, e.g.*, *Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 305 (E.D.N.Y. 2015); *Pressman v. Estate of Steinvorth*, 886 F. Supp. 365, 367 (S.D.N.Y. 1995). Plaintiffs' counsel have submitted affidavits, in which they attest to the fact that the time records are based on contemporaneous entries into a time tracking computer program. (Dkt. Nos. 91-1, ¶¶ 8–10; 91-2, ¶ 3).

The Court finds that some entries—though not many—are impermissibly vague because they do not adequately describe the subject matter of the tasks performed, or they reflect block billing of work that prohibits distinction between tasks.[7] *Cf. Williamsburg Fair Hous. Comm. v. N.Y. City Hous. Auth.*, 76 Civ. 2125 (RWS), 2005 WL 736146, at *10, 2005 U.S. Dist. LEXIS 5200, at *28–29 (N.D.N.Y. Apr. 4, 2005). Additionally, the Court cannot reduce hours for travel time that is block billed with substantive tasks. (*See, e.g.*, Dkt. Nos. 81-2, p. 22; 81-3, p. 19). However, for most entries, the Court is generally able to determine the subject matter and consider whether the time spent is reasonable. As a result of this limited vagueness, the Court will reduce the award of attorneys' fees by 10%. *See, e.g.*, *New York v. Rac Holding, Inc.*, 135 F. Supp. 2d 359, 364–65 (N.D.N.Y. 2001) (reducing the award by 10% where "a number of the billing entries submitted . . . are too vague and incomplete to permit the Court to determine the nature of the tasks performed and the amount of time reasonably required").

As for excessive and redundant hours, the Court finds that the complexity of this multifaceted litigation generally warrants the hours expended by Plaintiffs' counsel.

---

[7] For example, on April 28, 2015, McKain billed 6.6 hours for several distinct tasks, including a conference with co-counsel. (Dkt. No. 81-2, p. 13).

10

Nevertheless, as Defendants argue, there are examples of excessive and redundant hours pertaining to mediation and trial preparation. As a result, the Court will reduce the award of attorneys' fees by an additional 5%. *See, e.g.*, *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011) (reducing legal fees by 7% where there was "some duplicative billing for conferences" and "some excess time spent on certain projects").

Thus, the Court determines that prior to apportionment and consideration of Plaintiffs' degree of success on the merits, the award of attorneys' fees is subject to a 15% reduction. At billing rates approved by the Court, McKain's firm's fee is $102,130.50 and Blaise's firm's fee is $31,092.50—a total of $133,223.00. Applying the 15% reduction, the value is $113,239.55.

### 3. Degree of Success on the Merits and Apportionment of Fees and Costs

Having determined that a 15% across-the-board reduction of an attorneys' fees award is appropriate in this case, the Court now considers factors that are specific to separate Defendants. "The allocation of fee liability amongst defendants is a matter committed to the district court's discretion." *Gao v. Perfect Team Corp.*, No. 10-CV-1637 (ENV) (CLP), 2017 U.S. Dist. LEXIS 5028, at *23 (E.D.N.Y. Jan. 11, 2017) (internal quotation omitted).[8] Courts may consider "the relative culpability of the parties and the proportion of time spent litigating against each defendant" when exercising that discretion. *Id.* (internal quotation omitted). In addition to the considerations noted above, courts are permitted to make "reductions in attorney's fees based on partial success, so long as the reduction is not mathematically based solely on the number of claims won or lost." *Scarangella v. Group Health, Inc.*, 731 F.3d 146, 156 n.14 (2d Cir. 2013) (citing *Hensley*, 461 U.S. at 435 n.11).

The Court turns first to the proportion of time spent litigating against each Defendant. Due to the intertwined nature of the claims and arguments, it is impossible to precisely separate

---

[8] Westlaw citation unavailable.

how much time Plaintiffs spent litigating against the CMC Defendants as opposed to Excellus. Nevertheless, the Court has closely reviewed the time records and found that approximately 37% of the billings pertain to a discovery dispute and the bench trial—neither of which involved Excellus. *See generally* (Dkt. Nos. 81-2; 81-3). Excellus' burden to pay attorneys' fees is therefore reduced by that amount, and the CMC Defendants are responsible for the difference.

Finally, the Court notes that Plaintiffs attained significantly more success against the CMC Defendants than against Excellus. At the summary judgment stage, the Court found in Plaintiffs' favor (and against both CMC and Excellus) with respect to their claim for benefits and remanded the claim for reevaluation. Although this was, as discussed, the extent of Plaintiffs' success against Excellus, Plaintiffs further established that: (1) CMC failed to provide plan documents they had requested, in violation of ERISA; and (2) that they were entitled to a monetary judgment against CMC for this violation. *See Easter*, 217 F. Supp. 3d at 642; (Dkt. No. 83). The Court is also mindful that Excellus obtained dismissal of all claims against it but one, and that it was found not monetarily liable to Plaintiffs. *See Easter*, 217 F. Supp. 3d at 642. On the other hand, Plaintiffs' success with respect to their claim for benefits was limited; they failed to establish that they were entitled to an award of benefits and obtained only remand for consideration of their benefits claims. The Court also weighs the Defendants' culpability—although CMC was the Plan Fiduciary and was responsible for failing to provide plan documents, the Court also noted Excellus' substantial culpability in its prior decision. Considering the litigation as a whole and Plaintiffs' degree of success as against each Defendant, the Court will further reduce Excellus' attorneys' fees apportionment by 50% and the CMC Defendants' apportionment by 15%. Factoring in all of these reductions, Excellus is responsible

for $17,835.23 in attorneys' fees and the CMC Defendants are responsible for $65,933.73, for a total fees award of $83,768.96.

### C. Costs

As noted above, ERISA provides for cost-shifting as well as attorneys' fees. "Reasonable out-of-pocket expenses are generally reimbursed as a matter of right in connection with an award of attorneys' fees." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 292 (E.D.N.Y. 2014) (citing *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989)). Here, Plaintiffs seek costs in the amount of $1,393.13. (Dkt. Nos. 81-2, p. 23; 81-3, p. 20).[9] Having reviewed the record, the Court finds that these costs are reasonable and awards them to Plaintiffs. Those costs pertaining solely to the CMC Defendants will not be assessed against Excellus and *vice versa*; therefore, the CMC Defendants shall pay $914.49 and Excellus shall pay $478.64.

### III. CONCLUSION

For these reasons, it is

**ORDERED** that Plaintiffs' motion for attorneys' fees and costs (Dkt. No. 81) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs are awarded $85,162.09; and it is further

**ORDERED** that, of that total amount, Plaintiffs are awarded $83,768.96 in attorneys' fees, of which the CMC Defendants shall pay $65,933.73 and Excellus shall pay $17,835.23; and it is further

**ORDERED** that, of the total amount, Plaintiffs are awarded $1,393.13 in costs, for which the CMC Defendants shall pay $914.49 and Excellus shall pay $478.64; and it is further

---

[9] This amount is the sum of McKain's costs, $869.80, and Blaise's costs, $523.33.

**ORDERED** that Plaintiff's unopposed letter motion (Dkt. No. 92) to permit B.E. to be allowed to continue to use a pseudonym is GRANTED, and the Clerk of Court is directed to amend the caption to reflect the fact that B.E. is no longer a minor.

**IT IS SO ORDERED.**

July 31, 2017
Syracuse, New York

Brenda K. Sannes
U.S. District Judge